# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| TIMOTHY WILSON, § | |
| Plaintiff § | |
| § | CIVIL ACTION NO. 5:10-cv-828 |
| vs. § | |
| § | Jury Trial Demanded |
| TOLTECA ENTERPRISES, INC. § | |
| DBA PHOENIX RECOVERY § | |
| GROUP, § | |
| Defendant § | |

## ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

## NATURE OF ACTION

1.  This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA"), the Texas Debt Collection Practices Act, Chapter 392 (hereinafter "TDCPA") and the Texas Business and Commerce Code, Subchapter E, Chapter 17, (hereinafter "DTPA"), which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

2.  Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA, the TDCPA and the DTPA, and to have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

6. Plaintiff, Timothy Wilson ("Plaintiff"), is a natural person residing in Bexar County.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. § 1692a(3) and the Texas Business and Commerce Code section §17.50(a)(1) and Texas Finance Code §392.001(1).

8. Defendant, Tolteca Enterprises, Inc. dba Phoenix Recovery Group ("Defendant") is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5) and by Tex. Fin. Code Ann. § 392.001(6).

9. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and by Tex. Fin. Code Ann. § 392.001(2).

## FACTUAL ALLEGATIONS

10. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than Defendant.

11. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant.

12. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

13. Defendant repeatedly contacted Plaintiff at his place of employment after being informed that such calls are inconvenient to Plaintiff and violate the policy of Plaintiff's employer, including Defendant's collection agents continuing to contact Plaintiff at his place of employment up to and including June 15, 2010,

following Defendant's receipt of the Plaintiff's May 12, 2010 correspondence demanding that Plaintiff not be contact at work.

14. Plaintiff's May 12, 2010 letter resulted from the Defendant's May 11, 2010 collection call requiring Plaintiff to be called out of meeting at work to take the phone call (§ 1692c(a)(1)(3)).

15. Defendant attempted to collect or collected an amount from Plaintiff that is not expressly authorized by the agreement creating the debt, to wit: Defendant charged an additional $50.00 collection fee to a purported $79.00 debt, insisting to Plaintiff that the same is expressly provided for by the lease agreement forming the basis of the alleged debt.

16. In fact, when Plaintiff demanded proof of the alleged debt and the attendant $50.00 fee, Defendant's collection agent stated that the creditor's 2007 lease provided for the charge, but no relevant documents were provided. Instead, Defendant provided Plaintiff with a copy of a "sample" 2009 lease, unsigned by the Plaintiff, which also did not provide for said charges (§ 1692f(1)).

17. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant falsely representing to Plaintiff that the underlying lease agreement forming the basis of the alleged debt specifically providing for a $50.00 penalty when it does not (§ 1692e(10)).

18. Defendant communicated or threatened to communicate credit information which is known or which should be known to be false, including Defendant's collectors threatening to report a disputed amount to credit agencies when Defendant did not have a right to continue to collect on the alleged account when they had not provided proper validation of the alleged debt.

19. As a result of Defendant's improper threat, Plaintiff paid the disputed amount to avoid the negative consequences of the Defendant's threat (§ 1692e(8)).

20. Defendant failed to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including Defendant's failure to provide any written correspondence to Plaintiff informing him of his right to dispute the alleged debt or any part thereof until at least two (2) months following the Defendant's initial collection call (§ 1692g(a)).

21. Defendant used false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including Defendant's collector stating to Plaintiff that the reason he was never sent an initial collection letter advising of his rights to dispute the debt was "because [Plaintiff] was represented by an attorney when he was not (§ 1692e(10)).

22. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and

continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental aguish and/or emotional distress.

23. As a result of the above violations of the FDCPA, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress, and Defendants are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant's aforementioned conduct violated the FDCPA.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Defendant violated the FDCPA;

   b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. §1692k, in the amount of $1,000.00;

   c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

   d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

   e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

    f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II--TDCPA

26.    Plaintiff repeats and re-alleges each and every allegation above.

27.    Defendant violated the Texas Debt Collection Practices Act in one or more of the following ways:

    a. Collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation, where the interest or incidental charge, fee, or expense was not expressly authorized by the agreement creating the obligation or legally chargeable to Plaintiff (Tex Fin Code § 392.303(a)(2));

    b. Misrepresenting the character, extent, or amount of a consumer debt, or misrepresenting the consumer debt's status in a judicial or governmental proceeding (Tex Fin Code § 392.304(a)(8));

    c. Using false representations or deceptive means to collect a debt or obtain information concerning a consumer, including (Tex Fin Code § 392.304(a)(19)).

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated the TDCPA;

b) Awarding Plaintiff statutory damages pursuant to the TDCPA;

c) Awarding Plaintiff actual damages pursuant to the TDCPA;

d) Awarding Plaintiff reasonable attorneys' fees ands costs incurred in this action;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT III—DTPA

28. Plaintiff reincorporates by reference herein all prior paragraphs above.

29. This suit is brought, in part, under the authority of Tex. Bus. & Com. Code § 17.41 et seq., commonly known as the Deceptive Trade Practices and Plaintiff Protection Act and cited in this petition as the "DTPA".

30. Defendant was given notice in writing of the claims made in this Petition more than sixty days before this suit was filed in the manner and form required by DTPA §17.505 (a).

31. Defendant made numerous material misrepresentations in an attempt to collect the purported consumer debt as detailed above.

32. Defendant knew or should have known that its representations were false and/or acted in reckless disregard for the truth or falsity of its representations.

33. Defendant's actions were done maliciously and in willful, wanton and reckless disregard for the rights of the Plaintiff.

34. Defendant's actions as detailed above constitute a violation of the Texas Deceptive Trade Practices Act, Tex. Bus. & Com. Code § 17.41.

35. The conduct described above has been and is a producing and proximate cause of damages to Plaintiff. Plaintiff's damages include: Statutory damages of at least $100.00 per violation, actual/economic damages, emotional and/or mental anguish damages, exemplary/punitive damages, and Plaintiff's attorneys' fees and costs.

36. Additionally, Plaintiff seeks an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendants' conduct is found to have been committed intentionally.

37. Plaintiff seeks reasonable and necessary attorney's fees in this case through the time judgment is entered and for any post-trial or post-judgment appeals, to be detailed through a statement of services submitted at the appropriate time.

WHEREFORE, Plaintiff prays for relief and judgment as follows:

(a) a declaratory judgment be entered that Defendant's conduct violated the DTPA;

(b) an award for all actual damages, exemplary damages, emotional/mental anguish damages and all statutory additional damages, all attorneys fees, costs of court, and pre-judgment and post-judgment interest at the highest lawful rates.

(c) an award of discretionary additional damages in an amount not to exceed three times the amount of economic damages if Defendant's conduct is found to have been committed knowingly; or an amount not to exceed three times the amount of economic and mental anguish damages if Defendant's conduct is found to have been committed intentionally.

(d) such other and further relief as may be just and proper.

## TRIAL BY JURY

38. Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted,

By: /s/ Dennis R. Kurz
Dennis R. Kurz
Texas State Bar # 24068183
Attorney in Charge for Plaintiff

WEISBERG & MEYERS, L.L.C.
5925 Almeda Road
#20818
Houston TX 77004
(888) 595-9111 ext. 412
(866) 842-3303 (fax)

## CERTIFICATE OF SERVICE

I certify that on October 12th, 2010, I electronically filed the foregoing document with the clerk of the U.S. District Court, Western District of Texas, San Antonio Division, using the electronic case filing system of the court.

/s/ Dennis R. Kurz
Dennis R. Kurz