UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| TIMOTHY WILSON,<br>    Plaintiff | ) | CIVIL ACTION NO.  5:10-CV-828 |
| v. | ) | |
| TOLTECA ENTERPRISES, INC.,<br>DBA PHOENIX RECOVERY GROUP,<br>    Defendant | ) | |

**DEFENDANT'S ORIGINAL ANSWER and ORIGINAL COUNTERCLAIM**

Defendant files this original answer to Plaintiff's original complaint.  Defendant also files a Counterclaim against Plaintiff.

I.  Motion to Dismiss: Failure to State a Claim; Lack of Jurisdiction

1.  Plaintiff's complaint and every allegation therein fails to state a claim upon which relief can be granted and should be dismissed.

2.  Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction as there is no case nor controversy to adjudicate.  Defendant would show that Plaintiff paid the account and debt that is the basis of this lawsuit in recognition that the account and debt was legitmately owed by Plaintiff.  Therefore, Plaintiff has no cause to complain and this lawsuit ought to be dismissed.

3.  Plaintiff's claim for declaratory judgment should be dismissed because a declaratory judgment is an inappropriate remedy for Plaintiff in this lawsuit.  It constitutes an impermissible attempt to obtain an advisory opinion; there is no case or controversy and therefore there is no subject matter jurisdiction; and, Plaintiff has other remedies under the FDCPA, TDCPA and DTPA which if proved or if viable, will render a declaratory judgment immaterial and unnecessary.

## II. Admissions & Denials

4. Defendant can neither admit nor deny the allegations of paragraph 1 insofar as it alleges the nature of the Plaintiff's action. Defendant denies any allegations that it violated any law, regulation, common law, or statute as alleged.

5. As to paragraph 2, Defendant denies any violation of the FDCPA, the TDCPA, and the DTPA. Defendant denies that an injunction is appropriate and denies any basis for an injunction.

6. No response is necessary to paragraph 3.

7. Paragraph 4 is an allegation of jurisdiction. Defendant denies that there is a case or controversy; consequently, there is a lack of subject matter jurisdiction.

8. Paragraph 5 is an allegation of venue. Defendant admits to transacting business in this district. Defendant neither admits or denies the remainder.

9. As to paragraph 6, Defendant admits that Plaintiff is a natural person but cannot admit or deny the remainder due to insufficient knowledge or information regarding the truth of the allegation stated.

10. Defendant admits paragraph 7 alleging Plaintiff is a consumer.

11. Defendant admits paragraph 8.

12. Defendant admits paragraph 9.

13. Defendant admits paragraph 10.

14. As to paragraph 11, Defendant is unable to admit or deny the nature of the transaction but upon reasonable inquiry does believe that the debt involved was likely incurred for a personal, family, or household purpose.

15. Defendant admits paragraph 12.

16. Defendant denies paragraph 13.

17. Defendant denies sufficient knowledge or information to admit to paragraph 14 and therefore denies the allegation.

18. Defendant denies paragraph 15. Defendant would show that a collection fee is authorized under Plaintiff's lease agreement.

19. Defendant can neither or admit to paragraph 16 because it was immaterial if Plaintiff was shown a sample lease. Furthermore, Defendant would deny that showing a sample lease constitutes any basis for a complaint. In any event, Defendant would show that Plaintiff executed a lease agreement which authorizes a collection fee.

20. Defendant denies paragraph 17.

21. Defendant denies paragraph 18.

22. Defendant would deny paragraph 19, denies any unlawful threat, and would contend that Plaintiff paid the debt involved because he knew he owed it and knew it was legitimate.

23. Defendant denies paragraph 20.

24. Defendant denies paragraph 21.

25. Defendant denies paragraph 22. Defendant denies that Plaintiff suffered any injury.

26. Defendant denies paragraph 23. Defendant denies that Plaintiff sustained any damages and denies it is liable for any actual damages, statutory damages, costs and attorney's fees.

27. Defendant re-alleges the foregoing in response to paragraph 24.

28. Defendant denies the entirety of paragraph 25 and all subsections thereof.

29. Defendant re-alleges the foregoing in response to paragraph 26.

30. Defendant denies the entirety of paragraph 27 and all subsections thereof.

31. Defendant re-alleges the foregoing in response to paragraph 28.

32. Paragraph 29 does not require a response.

33. As to paragraph 30, Defendant denies a notice was sent by Plaintiff in the form and manner required under DTPA § 17.505(a).

34. Defendant denies paragraph 31.

35. As to paragraph 32, Defendant denies any false or reckless representations were made.

36. Defendant denies paragraph 33.

37. As to paragraph 34, Defendant denies violating the DTPA.

38. As to paragraph 35, Defendant denies that it produced any damages to Plaintiff; denies that Plaintiff was damaged; and denies that Plaintiff is entitled to exemplary/punitive damages, costs and attorney's fees.

39. As to paragraph 36, Defendant denies that Plaintiff is entitled to discretionary additional damages. Defendant denies that Plaintiff is entitled to any damages, attorney's fees and costs.

40. As to paragraph 37, Defendant denies that Plaintiff is entitled to recover any award for attorney's fees. Defendant denies all subsections of paragraph 37. Defendant would further show that a declaratory judgment is inappropriate and should be dismissed since Plaintiff merely seeks an advisory opinion. It should be dismissed as there is no case nor controversy since Plaintiff paid the account and debt in recognition that it was owed by him and was legitimate. It should be dismissed because Plaintiff already seeks remedies that could be provided under the FDCPA, TDCPA and DTPA, if, indeed, Plaintiff has any such viable claim.

41. As to paragraph 38 it merely requests trial by jury and no response is necessary

### III.  Affirmative Defenses

Defendant is not liable to Plaintiff because:

42. Plaintiff did not provide Defendant with any written notice to cease communications with Plaintiff.

43. Plaintiff was not harassed or abused under the FDCPA, TDCPA or DTPA as Defendant did not engage in any unlawful conduct and that Defendant did not engage in any of the following actions, including, but not limited to: there was no use or threats of use of violence or other criminal means to harm Plaintiff; no obscene, abusive, or profane language was used toward Plaintiff; the telephone was not caused to ring repeatedly or continuously with intent to annoy, abuse or harass Plaintiff; and Plaintiff was not engaged in any telephone conversations with Defendant with intent to annoy, abuse or harass Plaintiff.

44. Defendant did not violate the FDCPA, TDCPA or DTPA as it did not falsely or recklessly represent the character, amount or legal status of any debt; it did not falsely or recklessly claim to be an attorney; it did not falsely or recklessly imply that non payment of any debt of Plaintiffs could result in arrest, or any unlawful remedy to collect; and, it did not use any false or deceptive means to collect or attempt to collect any debt from Plaintiff.

45. Defendant did not violate the FDCPA, TDCPA or DTPA because Defendant did not use any unfair or unconscionable means to collect or attempt to collect a debt from Plaintiff.

46. Plaintiffs' claims are barred, in whole or in part, by the contributory negligence and comparative fault of the Plaintiffs and that Plaintiffs' recovery, if any, should therefore be reduced or barred accordingly, pursuant to Texas Civil Practice & Remedies Code Section 33.001 and other applicable law.

47. Plaintiff may not recover mental anguish damages because Defendant did not act knowingly or intentionally.

48. Plaintiff may not recover additional damages or punitive damages because Defendant did not act knowingly, intentionally or maliciously.

49. Plaintiff's claims are barred under the one year limitation statute of FDCPA §1692k(d).

50. Plaintiff did not mitigate his damages, whether actual or otherwise.

51. Defendant invokes the affirmative defense of "bona fide" error pursuant to Tex. Finance Code, Section 392.401 and 15 USC Section 1692k.

52. Defendant would show that Plaintiff paid the debt that was due. Consequently, Plaintiff's conduct in paying the debt due estops Plaintiff and shows that Plaintiff recognized that the debt was owed. By paying the debt, Plaintiff effectively released and waived any claims he asserts in his complaint. By paying the debt, Plaintiff settled any claims he asserts in his complaint.

### IV.  Exemplary Damages Cap

53. Exemplary Damages Act of Tex. Civ. Prac. & Rem. Code § 41.008 and Due Process Cap of the United States Constitution applies to restrict and limit Plaintiffs' claim for exemplary damages, and Defendant intends to invoke the damage cap if exemplary damages are awarded.

### V.  Counter-Claim

54. Defendant brings a counterclaim against Plaintiff for recovery of its attorney's fees, costs of suit, and expenses incurred in defending this action. Defendant would show:

55. Plaintiff's claims have been brought in bad faith and/or for purposes of harassment or are frivolous and groundless. Defendant alleges that one or more of the Plaintiff's claims, or combinations thereof, have been brought against Defendant in bad faith and/or for the purpose of harassment and/or frivolous and groundless. Upon the court's finding that Plaintiffs' have brought their claims in bad faith or for purposes of harassment or are frivolous and groundless, Defendants' attorney's fees shall be awarded against Plaintiff under Tex. Finance Code Section 392.403( c). Defendant also sues to recover its attorney's fees and costs under 15 USC Section 1692k(3) and under Tex. Bus. & Comm. Code Section 17.50 ( c ). Defendant therefore sues Plaintiff for its reasonable and necessary fees for trial and post-trial proceedings, including any appeals.

WHEREFORE, Defendant prays for judgment that Plaintiff take nothing; assess costs and attorney's fees against Plaintiff; and for all other relief to which Defendant is entitled.

S/Tom Clarke
Texas Bar # 04318600
8026 Vantage Drive, Suite 125A
San Antonio, Texas 78230
210/340-8448
210/348-7946 Fax
Attorney for Tolteca Enterprises, Inc.
dba Phoenix Recovery Group

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been filed through the CM/ECF system on November 1, 2010 in PDF format and that system will give notice electronically to the following counsel of record.

Weisberg & Meyers, LLC
Dennis R. Kurz, Attorney for Plaintiff
5925 Almeda Road, #20818
Houston, Texas 77004

S/Tom Clarke